UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES K. RICE, | ) | |
| | ) | |
| Plaintiff, | ) | Jury Demand |
| v. | ) | |
| | ) | No. 3:15-cv-0398 |
| AUTUMN ASSISTED LIVING | ) | |
| PARTNERS, INC. | ) | Judge Campbell |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

## REQUEST FOR A REASONABLE ACCOMODATION AND INTERACTIVE PROCESS

The interactive process is triggered by a request for an accommodation by a disabled employee or by the employer's recognition of the need for such an accommodation.[1] It is generally the responsibility of the individual with a disability to inform the employer that an accommodation is needed.[2] In order to request a reasonable accommodation, an employee need only inform the employer of a need for an adjustment due to a medical condition using plain English and need not mention the ADA or use the phrase reasonable accommodation.[3] The law does not impose any particular form that an employee's request for an accommodation must take, and it does not require that any talismanic language be used in a request for reasonable

---

[1] *Barnett v. US Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000), *rev'd on other grounds in US Airways, Inc. v. Barnett*, 535 U.S. 391, 122 S. Ct. 1516, 152 L. Ed. 2d 589 (2002).

[2] 29 C.F.R. pt. 1630 App. §1630.9, quoted in *White v. Honda of America Mfg., Inc.*, 191 F.Supp.2d 933, 949 (S.D. Ohio 2002).

[3] *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc), *judgment vacated on other grounds*, 535 U.S. 391, 122 S. Ct. 1516, 152 L. Ed. 2d 589 (2002). (internal quotation marks omitted).

1

accommodation.[4] What matters under the ADA are not formalisms about the manner of the request, but whether the employee … provides the employer with enough information that, under the circumstances, the employer can be fairly said to have known of both the disability and desire for an accommodation.[5]

**THE LAW OFFICE OF DAVID L. COOPER, P.C.**

s/ David L. Cooper
**DAVID L. COOPER, BPR #11445**

Third Avenue North Building
208 Third Avenue North, Suite 300
Nashville, TN 37201
(615) 256-1008

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Plaintiff's Special Jury Request No. 1** has been delivered by electronic transmission through the CM/ECF system to **James K. Simms, IV, Esq., and Jennifer M. Lankford, Esq., Thompson Burton PLLC**, One Franklin Park, 6100 Tower Circle, Suite 200, Franklin, TN 37067, on this 11th day of October, 2016.

s/ David L. Cooper
**DAVID L. COOPER**

---

[4] *White v. Honda of America Mfg., Inc.*, 191 F.Supp.2d at 950; *Taylor v. Phoenixville School District*, 184 F.3d 296, 313 (3d Cir. 1999).

[5] *Taylor v. Phoenixville School District*, 184 F.3d 296, 313 (3d Cir. 1999).

2

Case 3:15-cv-00398   Document 53   Filed 10/11/16   Page 2 of 2 PageID #: 251