```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                           AT NASHVILLE
```

| | | |
|---|---|---|
| JAMES K. RICE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:15-0398 |
| v. | ) | Chief Judge Sharp/Brown |
| | ) | **Jury Demand** |
| AUTUMN ASSISTED LIVING | ) | |
| PARTNERS, INC., | ) | |
| | ) | |
| Defendant | ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Presently pending is a motion for attorneys' fees (Docket Entry 89) filed by the Plaintiff's counsel. The matter was referred to me (Docket Entry 93) by Judge Campbell. No opposition to the motion has been filed. Inasmuch as this motion may be considered dispositive I will enter a report and recommendation rather than an order. For the reasons stated below, I recommend that the motion be granted.

### BACKGROUND

The theories of the parties were set out in the original case management order (Docket Entry 25) filed on July 22, 2015, by Magistrate Judge Knowles. The Plaintiff was employed by the Metropolitan Government as a custodian at the J.P. Knowles assisted living center in Nashville. He suffered a work-related injury while employed there and required surgery on his back. He was finally released after approximately 10 months to return to work with a lifting restriction of no more than 20 pounds.

On January 1, 2014, the Defendant entered into a contract to lease Knowles from Metro. Their lease included the maintenance department where Plaintiff worked. The Plaintiff alleged that the Defendant failed to consider him for any position with or without reasonable accommodation despite the fact that he could perform work with a reasonable accommodation.

The Defendant contended that they did not hire the Plaintiff because he could not perform an essential function of his job without or without accommodations because he was not able to lift more than 20 pounds and the position they had available required an ability to lift up to 50 pounds. The matter was tried with a jury and on October 27, 2016, the jury rendered a verdict in favor of Plaintiff against Autumn (Docket Entry 86). The jury awarded the Plaintiff $38,206.98 in back pay and $20,000 for mental and emotional suffering. The jury declined to award punitive damages.

The Plaintiff's counsel promptly filed a motion for attorneys' fees (Docket Entry 89) in the amount of $59,600. In support of the motion, Mr. Cooper, Plaintiff's counsel, submitted his billing records and hourly rates to other attorneys for an opinion as to their reasonableness. Mr. Wade Cowan, an experienced attorney in this type of litigation, opined that the hourly rate and amount of work was reasonable for a case of this nature (Docket Entry 89-1), as did Mr. Jerry Gonzales (Docket Entry 91). Mr.

Cooper's affidavit was attached at Docket Entry 89-2, along with a copy of billing records for the case (Docket Entry 89-3).

There was no response in opposition to the motion for attorneys' fees. There matter is therefore ready for decision.

## LEGAL DISCUSSION

I have reviewed the declarations and the fee application itself for reasonableness. While the range of $400 per hour is at the top of reasonableness, given the supporting affidavits and the fact that the Defendant has not provided any countervailing evidence, I will adopt the $400 per hour rate as a reasonable rate and the 149 hours as a reasonable amount of time spent in litigating this matter to a successful jury verdict. I further agree with the legal memorandum submitted in support of the motion (Docket Entry 90), which cites clear authority for the award of attorneys' fees under 42 U.S.C. § 1988(b).

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion for attorneys' fees be granted in the amount of $59,600.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

  **ENTER** this 12th day of December, 2016.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge